**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Michael Escobar**, | No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **Angry Crab Shack Corporation**, an Arizona Corporation; **Angry Crab Shack BBQ,** LLC, and Arizona Limited Liabilty Company, **Ronald Lou and Jane Doe Lou,** a married couple, and **Andrew Diamond and Jane Doe Diamond**, a married couple, | |
| Defendant. | |

Plaintiff, Michael Escobar ("Plaintiff"), sues the Defendants, Angry Crab Shack Corporation, Angry Crab Shack BBQ, LLC, Ronald Lou and Jane Doe Lou, and Andrew Diamond and Jane Doe Diamond (collectively, "Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S."); and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 8.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

2.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3.      The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4.      The AWA, A.R.S § 23-350, et seq., establishes the law regarding the payment of wages within the State of Arizona.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

# PARTIES

7.     At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8.     At all material times, Defendant Angry Crab Shack Corporation was a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Angry Crab Shack Corporation does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9.     Defendant Angry Crab Shack Corporation is an Arizona limited liability, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

10.     Under the FLSA, Angry Crab Shack Corporation is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Angry Crab Shack Corporation had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, Angry Crab Shack Corporation is subject to liability under the FLSA.

11.     At all material times, Defendant Angry Crab Shack BBQ, LLC was a limited liability company duly licensed to transact business in the State of Arizona.  At all

-3-

material times, Defendant Angry Crab Shack BBQ, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

12.    Defendant Angry Crab Shack BBQ, LLC is an Arizona limited liability, authorized to do business in the State of Arizona and is at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

13.    Under the FLSA, Angry Crab Shack BBQ, LLC is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Angry Crab Shack BBQ, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendants in relation to the company's employees, Angry Crab Shack BBQ, LLC is subject to liability under the FLSA.

14.    Defendants Ronald Lou and Jane Doe Lou are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Ronald Lou and Jane Doe Lou are owners of Angry Crab Shack Corporation and Angry Crab Shack BBQ, LLC and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

-4-

15.     Under the FLSA, Defendants Ronald Lou and Jane Doe Lou are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Ronald Lou and Jane Doe Lou are owners of Angry Crab Shack Corporation and Angry Crab Shack BBQ, LLC.  At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Ronald Lou and Jane Doe Lou are subject to individual liability under the FLSA.

16.     Defendants Ronald Lou and Jane Doe Lou are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Ronald Lou and Jane Doe Lou are owners of Angry Crab Shack Corporation and Angry Crab Shack BBQ, LLC and were at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

17.     Under the FLSA, Defendants Andrew Diamond and Jane Doe Diamond are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Andrew Diamond and Jane Doe Diamond are owners of Angry Crab Shack Corporation and Angry Crab Shack BBQ, LLC.  At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment,

-5-

determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Andrew Diamond and Jane Doe Diamond are subject to individual liability under the FLSA.

18.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

19.     Defendants, and each of them, are sued in both their individual and corporate capacities.

20.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

21.     At all relevant times, Plaintiff was an "employee" of Defendants Angry Crab Shack Corporation, Angry Crab Shack BBQ, LLC, Ronald Lou and Jane Doe Lou, and Andrew Diamond and Jane Doe Diamond as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

22.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants Angry Crab Shack Corporation, Angry Crab Shack BBQ, LLC, Ronald Lou and Jane Doe Lou, and Andrew Diamond and Jane Doe Diamond.

23.     At all relevant times, Angry Crab Shack Corporation, Angry Crab Shack BBQ, LLC, Ronald Lou and Jane Doe Lou, and Andrew Diamond and Jane Doe Diamond were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

-6-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

24.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants Angry Crab Shack Corporation, Angry Crab Shack BBQ, LLC, Ronald Lou and Jane Doe Lou, and Andrew Diamond and Jane Doe Diamond.

25.     At all relevant times, Plaintiff was an "employee" of Defendants Angry Crab Shack Corporation, Angry Crab Shack BBQ, LLC, Ronald Lou and Jane Doe Lou, and Andrew Diamond and Jane Doe Diamond as defined by the Arizona A.R.S. § 23-350, et seq.

26.     At all relevant times, Defendants Angry Crab Shack Corporation, Angry Crab Shack BBQ, LLC, Ronald Lou and Jane Doe Lou, and Andrew Diamond and Jane Doe Diamond were and continue to be "employers" as defined by A.R.S. § 23-350.

27.     At all relevant times, Plaintiff was an "employee" of Defendants Angry Crab Shack Corporation, Angry Crab Shack BBQ, LLC, Ronald Lou and Jane Doe Lou, and Andrew Diamond and Jane Doe Diamond as defined by A.R.S. § 23-362.

28.     At all relevant times, Defendants Angry Crab Shack Corporation, Angry Crab Shack BBQ, LLC, Ronald Lou and Jane Doe Lou, and Andrew Diamond and Jane Doe Diamond were and continue to be "employers" as defined by A.R.S. § 23-362.

29.     Angry Crab Shack Corporation, Angry Crab Shack BBQ, LLC, Ronald Lou and Jane Doe Lou, and Andrew Diamond and Jane Doe Diamond individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

30.     Plaintiff, in his work for Defendants Angry Crab Shack Corporation, Angry Crab Shack BBQ, LLC, Ronald Lou and Jane Doe Lou, and Andrew Diamond and Jane

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

Doe Diamond, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

31.     At all relevant times, Plaintiff, in his work for Defendants Angry Crab Shack Corporation, Angry Crab Shack BBQ, LLC, Ronald Lou and Jane Doe Lou, and Andrew Diamond and Jane Doe Diamond, was engaged in commerce or the production of goods for commerce.

32.     At all relevant times, Plaintiff, in his work for Angry Crab Shack Corporation, Angry Crab Shack BBQ, LLC, Ronald Lou and Jane Doe Lou, and Andrew Diamond and Jane Doe Diamond, was engaged in interstate commerce.

33.     Plaintiff, in his work for Defendants Angry Crab Shack Corporation, Angry Crab Shack BBQ, LLC, Ronald Lou and Jane Doe Lou, and Andrew Diamond and Jane Doe Diamond, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

34.     Defendants own and/or operate as Angry Crab Shack, an enterprise located in Maricopa County, Arizona.

35.     Plaintiff was hired by Defendants as a cook, and Plaintiff worked for Defendants until approximately January 2020. Plaintiff was hired to perform work at Angry Crab Shack & BBQ located at 28th Street and Indian School in Phoenix, AZ (the "Indian School Location").

36.     Defendants, in their sole discretion, agreed to pay Plaintiff $13.50 per hour for all hours he worked.

37.     During the time that Plaintiff worked for Defendants, Plaintiff worked approximately 40 hours per week.

38.     Plaintiff did not receive any wages whatsoever for his final two weeks of employment at the Indian School Location.

39.     Plaintiff's worked approximately 80 hours at the Indian School Location for which he was not compensated any wage whatsoever.

40.     After those final two weeks working at the Indian School Location, Defendants transferred Plaintiff to the Angry Crab Shack restaurant located at the I-17 and Happy Valley Road (the "Happy ValleyLocation").

41.     Upon being transferred, rather than having Plaintiff perform work as a cook, Defendants required Plaintiff perform cleaning duties at the Happy Valley Location.

42.     Plaintiff performed cleaning work for Defendants at the Happy Valley Location for approximately two weeks, approximately 50 hours total.

43.     Defendants did not compensate Plaintiff any wage whatsoever for such hours worked.

44.     As a result, Defendants failed to compensate Plaintiff any wages whatsoever for his final weeks of work.

45.     As a result of Defendants' having willfully and improperly failed to compensate Plaintiff any wages whatsoever for his final weeks of work, Defendants failed to pay the applicable minimum wage to Plaintiff.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

46. As a result of Defendants' having willfully and improperly failed to compensate Plaintiff any wages whatsoever for his final weeks of work, Defendants violated 29 U.S.C. § 206(a).

47. As a result of Defendants' having willfully and improperly failed to compensate Plaintiff any wages whatsoever for his final weeks of work, Defendants have violated the AMWA, A.R.S. § 23-363.

48. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

49. Defendants have and continue to violate the AMWA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

50. Defendants have and continue to violate the AWA by not paying Plaintiff wages owed for all hours worked during his regular workweeks.

51. Plaintiff is a covered employee within the meaning of the FLSA.

52. Plaintiff is a covered employee within the meaning of the AMWA.

53. Plaintiff is a covered employee within the meaning of the AWA.

54. Plaintiff was a non-exempt employee.

55. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

56. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

57. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

58.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

59.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for treble the amount of wages owed to Plaintiff under A.R.S § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

60.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61.     Defendants willfully and improperly failed to compensate Plaintiff any wages whatsoever for his final weeks of work.

62.     As a result, Defendants failed to pay the applicable minimum wage to Plaintiff.

63.     Defendants' practice of willfully and improperly deducting amounts from Plaintiff's paycheck violated the FLSA, 29 U.S.C. § 206(a).

64.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

**WHEREFORE**, Plaintiff, Michael Escobar, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one of more of the following acts:

    i.    Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

    ii.    Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT FAILURE TO PAY MINIMUM WAGE

65.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

66.    Defendants willfully and improperly failed to compensate Plaintiff any wages whatsoever for his final weeks of work.

67.    As a result, Defendants failed to pay the applicable minimum wage to Plaintiff.

68.    Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the AMWA, A.R.S. § 23-363.

69.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an amount equal to twice the unpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Michael Escobar, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one of more of the following acts:

    i.    Violated minimum wage provisions of the AMWA, A.R.S. § 23-363, by failing to pay proper minimum wages;

    ii.    Willfully violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by willfully failing to pay proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

-13-

D.      For the Court to award prejudgment and post-judgment interest;

E.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES OWED

70.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71.     Defendants willfully failed or refused to compensate Plaintiff any wages whatsoever for his final weeks of work.

72.     Defendant's practice of willfully failing to pay Plaintiff wages for labor performed violates the AWA, A.R.S. § 23-351.

73.     Plaintiff is therefore entitled to compensation for an amount equal to treble the full applicable wages due and owing at an hourly rate, to be proven at trial.

**WHEREFORE**, Plaintiff, Michael Escobar, individually, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.      For the Court to declare and find that the Defendants violated A.R.S. Title 23, Chapter 2, by failing to pay wages owed to Plaintiff;

B.      For the Court to award compensatory damages, including treble the amount of wages owed to Plaintiffs, pursuant to A.R.S. § 23-355, to be determined at trial;

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-14-

C.     For the Court to award prejudgment and post-judgment interest;

D.     For the Court to award Plaintiff reasonable attorneys' fees and costs;

E.     Such other relief as this Court shall deem just and proper.


**<u>JURY TRIAL DEMAND</u>**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 26th Day of May, 2020.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*